# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:08CV7-MU-02

| | |
|---|---|
| **ROGER DALE BROOKS,** )<br>    **Petitioner,** )<br>          )<br>    v.    )<br>          )<br> **(FNU) HAYNES, Supt.,** )<br>   **Warren Correctional** )<br>   **Institution,** ____  )<br>     **Respondent.** )<br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on a "Petition Under 28 U.S.C. § 2254 For Writ Of <u>Habeas Corpus</u> . . . ," filed January 13, 2008.[1]  For the reasons stated herein, this Petition will be <u>dismissed</u> as untimely filed.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant Petition reflects that at some point in or around March 1998, a jury convicted Petitioner of Second-Degree Murder. On March 11, 1998, the Superior Court of Lincoln County sentenced Petitioner to a term of 190 to 237 months imprisonment.  Petitioner timely appealed his case.

However, the North Carolina Court of Appeals rejected

---

[1] Although the instant Petition was not received by the Court until January 29, 2008, it will be treated as having been filed as of January 13, 2008, because that is the date on which Petitioner certifies that he placed his Petition in his Prison's mailing system.

Petitioner's claims that the trial court had erred in denying his motion to dismiss the First-Degree Murder charge at the close of all the evidence, in denying his pre-trial motion to dismiss due to the State's purported violation of his right to a speedy trial, in submitting the Second-Degree Murder charge to the jury; and in failing to find the existence of any mitigating factors. North Carolina v. Brooks, 136 N.C.App. 124, 126 (1999). Accordingly, Petitioner's conviction and sentence were affirmed. Id. at 133. On April 6, 2000, the Supreme Court of North Carolina denied Petitioner's Petition for a Writ of Certiorari. North Carolina v. Brooks, 351 N.C. 475 (2000). Petitioner did not seek certiorari review in the United States Supreme Court.

Rather, the instant Petition reflects that Petitioner allowed nearly six years to elapse until May 4, 2006, when he filed a Motion for Appropriate Relief ("MAR" hereafter) in the Superior Court of Lincoln County. However, that MAR was denied. Likewise, the instant Petition reflects that Petitioner's Petition for a Writ of Certiorari by which he sought review of the denial of his MAR was denied by the North Carolina Court of Appeals on August 15, 2006; and that his Petition for Discretionary Review was denied by the State Supreme Court on November 16, 2006.

Obviously undaunted by his lack of success, on January 13, 2008, Petitioner filed the instant Habeas Petition with this Court. The subject Petition raises the single claim that the trial court violated his Constitutional rights when it erroneously calculated

his presumptive sentencing range.  Nevertheless, inasmuch as it is clear that Petitioner has brought this Petition far outside the applicable one-year limitations period, and he has failed to demonstrate that his untimeliness should be excused, the Petition must be <u>dismissed</u>.

## II.  <u>ANALYSIS</u>

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As was noted above, Petitioner's Petition for a Writ of Certiorari was rejected on April 6, 2000, and he did not seek any additional review in the United States Supreme Court. Therefore, Petitioner's conviction and sentence became final on or about July 5, 2000, that is, at the expiration of the 90-day period during which he could have sought such federal certiorari review. Clay v. United States, 537 U.S. 522, 527 (2003). Ultimately, then, in the absence of any intervening circumstances, Petitioner had up to and including July 5, 2001 in which to file the instant § 2254 Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, Petitioner did not file the instant Petition by such October 2001 deadline.

Instead, after allowing nearly six years to pass from the time that the State Supreme Court rejected his Petition for a Writ of Certiorari, Petitioner returned to State Court on May 4, 2006, and began his pursuit of collateral review. Unfortunately for Petitioner, however, his federal limitations period already had

fully expired by that time.  Thus, because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late.  See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period).

Equally critically, although the form-Petition which Petitioner used clearly made him aware that his Petition likely would be construed as time-barred, he still failed to articulate any reason why it should be deemed timely filed.[2]  Rather, in response to the the form's question concerning the timeliness of this filing, Petitioner attempted to argue that his 1995 murder charge pre-dated the 1996 enactment of the AEDPA; therefore, the one-year limitations period imposed under the AEDPA cannot be

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill.  The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion."  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion."  Accordingly, given the fact that Petitioner was prompted to, and did address the timeliness of his Petition--albeit unsuccessfully, this Court concludes that no further warning is required for him.

applied to his case. Petitioner's argument is baseless. To be sure, it long ago was determined that the AEDPA is applicable to all petitions which are filed after its April 1996 enactment date. See, e.g., Lindh v. Murphy 521 U.S. 320, 326 (1997); Fitzgerald v. Greene, 150 F.3d 357, 362 (4th Cir. 1998).

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, Petitioner does not set forth any ground to support a finding that it would be unconscionable for the Court to enforce the limitations period against him, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for Petitioner.

### III. CONCLUSION

Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, this Petition must be dismissed as time-barred.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, filed January 13, 2008, is **DISMISSED** as untimely filed.

SO ORDERED.

Signed: February 13, 2008

Graham C. Mullen
United States District Judge